UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL J. IZZO,
    Plaintiff,

v.      3:10-cv-1954 (WWE)

CYRIL-SCOTT CORPORATION,
    Defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Paul J. Izzo brings this action against defendant Cyril-Scott Corporation for breach of contract, a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and defamation. Now pending is defendant's motion to dismiss (Doc. #13) the claims of CUTPA violation and defamation. Plaintiff has not filed an opposition to the motion to dismiss.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the court accepts all allegations of the complaint as true.

Plaintiff alleges that he accepted employment with defendant pursuant to an employment contract that required defendant to provide him with office space in New York City and business cards identifying plaintiff as an account executive with defendant. Defendant did not provide him the business cards in a timely manner and never provided him with office space in New York City. It also did not reimburse him fully for expenses and did not provide a working cellular phone or other tools necessary to complete his job.

After plaintiff terminated his employment with defendant, defendant contacted

1

plaintiff's potential contacts "asking questions which led them to attack his credibility." Plaintiff asserts that defendant's statements have created a negative reputation for plaintiff and led to a reduction in sales on his behalf.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

CUTPA

CUTPA provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been

established by statute, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999).

Defendant asserts that the CUTPA claim should be dismissed because the claim concerns an employment relationship and the complaint describes a conflict between private parties that does not fall within CUTPA. It is well established that conduct occurring within the confines of the employer-employee relationship does not constitute a trade or commerce within the meaning of CUTPA. Quimby v. Kimberly Clark Corp., 59 Conn. App. 704, 711 (2000). Upon review and absent objection, the Court will dismiss the CUTPA claim.

Defamation

Defendant argues that the claim of defamation should be dismissed for failure to allege the requisite elements of the cause of action. A defamatory statement is defined as a communication that tends to "harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him...." QSP, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 356 (2001). To establish a prima facie case of defamation, the plaintiff must allege that: (1) the

defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement. Cweklinsky v. Mobil Chemical Co., 267 Conn. 210, 217 (2004). Defendant argues that the complaint fails to allege that any statements about plaintiff were published.

Under Connecticut common law, "a defamation claim requires a statement that is an assertion of fact, either explicit or implied, and not merely an opinion, provided the opinion does not imply the existence of undisclosed defamatory facts." Indiaweekly.com, LLC v. Nehaflix.com, Inc., 596 F. Supp. 2d 497, 503 (D. Conn. 2009). In this instance, the complaint has alleged that defendant asked questions. It remains unclear whether any statement of fact about plaintiff was made. Accordingly, the allegations do not provide the factual support for the relief sought. The Court will grant the motion to dismiss the defamation claim without prejudice, and plaintiff will have the opportunity to replead the complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #13). The defamation claim is dismissed without prejudice. Plaintiff is allowed ten days from this ruling's filing date to file an amended complaint consistent with this ruling.

Dated at Bridgeport, Connecticut, this <u>28th</u> day of March 2011.

                               /s/
                             Warren W. Eginton
                             Senior United States District Judge